[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Petitioner has brought this amended habeas petition claiming that he was denied his right to the effective assistance of counsel in violation of the United States Constitution, Amendment VI and the Connecticut Constitution, Article I, Section 8. In Count Two, Petitioner also claims that his guilty plea was not made in a knowing and CT Page 15775 intelligent manner. A full evidentiary hearing was heard before this Court on the amended habeas petition on November 14, 2000 at which the Petitioner and his mother testified. Both parties filed post hearing briefs.
The Petitioner was arrested on August 28, 1992 and charged with attempted murder, attempted assault in the first degree, burglary in the first degree, assault in the second degree and violation of probation. If he was convicted of all of these charges, he could have faced a maximum penalty, assuming the sentences ran consecutively, of seventy-five years in prison. On January 27, 1993, the Court, Damiani, J., accepted the Petitioner's pleas of nolo contendre and made a finding of guilty on the following charges:
 1. Attempted assault in the first degree in violation of C.G.S. § 53a-59(a)(1).
 2. Burglary in the third degree in violation of C.G.S. § 53a-103.
 3. He admitted a violation of probation, and a finding of violation of probation was made. The Court sentenced him to a total effective sentence of fifteen years imprisonment.
The Court bases its decision on the totality of the evidence, including exhibits and the testimony of witnesses. The evaluation of the witnesses' testimony is based upon their demeanor on the witness stand, their ability to recall events, their interest in the case, the consistency or inconsistency of their statements and the consistency or inconsistency of their statements in view of other credible evidence. From all of the above, the Court finds the following:
 1. The Petitioner was represented at all proceedings prior to sentencing by Attorney Yvonne Rodriquez-Schack (hereinafter also "YR").
 2. Based upon the testimony, the Court finds that said attorney did explain the case to the Petitioner, met with him on four or five occasions for a total period of three to four hours, reviewed the police report and the Petitioner's statement to police with him, advised him of the State's offer of fifteen years to serve and recommended same. She did not discuss with him the statements of witnesses because the State was not CT Page 15776 required to provide those statements prior to trial. She also advised him that he did not have any defenses to the charges. The Petitioner signed a statement on August 29, 1992. He essentially admitted to the facts on which the charges were based. Attorney YR advised him that the statement would be very damaging to him at trial, and the Court, after having reviewed the statement, which is Respondent's Exhibit A, agrees with that assessment. The proceedings reached the stage at which the Petitioner had to either plead guilty or start the violation of probation hearing which exposed him to a five-year sentence. The Court finds that he clearly would have been found in violation of probation.
 3. The only possible validity to the claim of ineffective assistance of counsel is that Attorney advised the Petitioner that if he were sentenced to fifteen years imprisonment he would only have to serve fifty percent of the sentence or seven and a half years. If, in fact, Attorney did make such a statement as unequivocally as Petitioner claims, the Court would consider that as ineffective assistance of counsel on the basis that although under the law at that time, he would have been eligible for parole at the conclusion of fifty percent of his sentence, to unequivocally state that he would serve only fifty percent of his sentence was incorrect,[1] and Attorney YR should not have made what amounted to a commitment to him.
 4. Further, it appears to the Court that the Motion to Suppress the Statement which was filed by Attorney YR was unlikely to be granted.
 5. However, it is not sufficient to win a habeas petition to merely prove ineffective assistance of counsel. Under Hill v. Lockhart, 474 U.S. 52, 59
(1985), the Petitioner must show that, but for counsel's errors, the Petitioner would have insisted on going to trial. Even now, the Petitioner testified that if he knew at the time he decided to plead nolo contendre what he knows now, he would have thought about it more but he CT Page 15777 doesn't know what he would have done. Accordingly, this Court admires him for his candor, but he has not shown that he would have insisted on going to trial.
 6. Under the ruling of Strickland v. Washington, 466 U.S. 668 (1984), there is a two-prong requirement that must be met in order to succeed on a habeas petition. First, the Petitioner must prove ineffective assistance of counsel and secondly must prove that but for counsel's errors the outcome would have been different. Hill v. Lockhart, supra, determined that the same two-part standard applies to claims arising from the plea negotiation process and that the same justifications for imposing the prejudice requirement in Strickland were relevant in the context of guilty pleas. Under Hill and under Copas Commissioner of Correction, 234 Conn. 139, 156-157 (1995) the resolution of the "prejudice" inquiry will depend largely on whether the Petitioner would have succeeded at trial if he had indeed pleaded not guilty. As stated in Copas in footnote 10 on page 157: "To satisfy the Hill
standard, a defendant must prove that, but for defense counsel's deficient performance, there is a reasonable probability that he would have pleaded not guilty and proceeded to trial on the basis of the likelihood that his defenses would succeed in providing a more favorable outcome.
 7. This Court concludes that the Petitioner has not proved that he would have insisted on going to trial, and if he did insist on going to trial, this Court concludes that the likelihood of conviction was very high.[2] Based upon the Petitioner's own statement which clearly admitted the facts that would have lead to a conviction on the charges against him, the potential testimony of the police officers and certainly the victim of the assault and the burglary who would have testified to the facts contained in the Petitioner's statement, would make a not guilty verdict highly improbable.
 8. Accordingly, the Petitioner has failed to present CT Page 15778 evidence that there was a likelihood of a more favorable outcome than the plea bargain achieved with allegedly ineffective assistance of counsel. In fact, if the Petitioner had gone to trial, he would have faced seventy-five years in prison whereas he received fifteen years in prison as a result of the plea bargain. Under all the circumstances, it was wise for the Petitioner to accept the plea bargain and not go to trial.
 9. As to whether or not the Petitioner's plea was entered voluntarily, understandingly and on a factual basis, the Court finds that it was a voluntary, intelligent and understanding plea with a factual basis for same. The Court has reviewed the plea canvass by the Court, Damiani, J., of January 27, 1993 and finds that the plea canvass was proper and the proper finding was made by Judge Damiani. The transcript of said hearing is Respondent's Exhibit B. Further, the Petitioner sent a letter dated June 8, 1999 to Attorney Herbert Carlson, the Assistant State's Attorney, seeking his permission to apply for a modification of sentence. This is Respondent's Exhibit F. From that letter, the Petitioner states in pertinent part: "And, I am mindful of the fact that I entered a voluntary guilty plea in this case . . ." (emphasis added).
For all of the foregoing reasons, the amended habeas petition is dismissed.
Rittenband, JTR